UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DOUGLAS SWENSON, MARK A. ELLISON, DAVID D. SWENSON, JEREMY S. SWENSON,<br><br>    Defendant. | Case No. 1:13-cr-00091-BLW<br><br>MEMORANDUM DECISION AND ORDER |

      The Court has before it Defendant Douglas Swenson's Request for Hearing Under Federal Rule of Criminal Procedure 41(g) (Dkt. 106). The Court indicated in an earlier order that Doug Swenson's request for a hearing would be granted if he decided to proceed under Rule 41(g). The Court, however, has considered the issue further and now finds that Swenson must make a preliminary showing before the Court will grant his Rule 41(g) hearing request. Specifically, before Swenson's request for an evidentiary hearing is granted, Swenson must first (1) identify which seized accounts he seeks returned and make a preliminary showing that he is entitled to lawful possession of the identified accounts, and (2) make a preliminary showing that the accounts he seeks returned are not forfeitable. Factual allegations in Swenson's moving papers must be sufficiently definite,

**MEMORANDUM DECISION AND ORDER - 1**

specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim on these issues is presented.

Defendant Swenson, however, need not make any showing that the seized funds are needed to retain counsel of his choice.

If the hearing request is granted, Swenson, as the moving party, will carry the burden of proof on the two issues specified above, i.e, (1) that he is entitled to lawful possession of those accounts he seeks returned, and (2) the accounts he seeks returned are not forfeitable. No other issues will be covered during the hearing.

## BACKGROUND

Defendant Doug Swenson was indicted for conspiracy to commit securities, wire and mail fraud, and for interstate transportation of stolen property, money laundering conspiracy, and over eighty counts of securities, wire and bank fraud, and interstate transportation of stolen property. The Indictment (Dkt.1) included criminal forfeiture allegations naming six specific investment accounts at TD Ameritrade as being subject to forfeiture upon conviction.

One day prior to the grand jury's issuing the Indictment, on April 9, 2013, United States Chief Magistrate Judge Candy W. Dale issued a seizure warrant for the TD Ameritrade investment accounts, which included an account held in Doug Swenson's name, as well as other accounts associated with Swenson.

On May 17, 2013, the grand jury returned a Superseding Indictment (Dkt. 21 and 21-1), which included a money-laundering conspiracy count specifically naming the bank accounts through which the seized funds had passed and the TD Ameritrade accounts

from which the funds were seized. The grand jury found probable cause for a money-laundering violation that involved the seized accounts, and also found probable cause for forfeiture of the seized accounts as property involved in the laundering violation. The seizure of the funds and their inclusion in the two indictments' forfeiture sections constituted commencement of federal criminal forfeiture proceedings as to the subject funds.

A few days later, on May 22, 2013, Doug Swenson filed a motion to dissolve the seizure warrant pursuant to *United States v. Crozier*, 777 F.2d 1376 (9th Cir. 1985), *United States v. Roth*, 912 F.2d 1131 (9th Cir. 1990), 21 U.S.C. § 853(f), and Federal Rule of Civil Procedure 65(B)(4) (Dkt. 23). He based his request to dissolve the seizure warrant on two grounds: (1) that Magistrate Judge Dale improperly issued the warrant without a finding under 21 U.S.C. § 853(f) that "the less drastic measure of a restraining order under Section 853(e) is insufficient to protect against dissipation of the assets" (Dkt. 23 at 1); and (2) that the government had failed to follow the procedures set out in the *Crozier* and *Roth* decisions, namely proceeding under Federal Rule of Civil Procedure 65 to hold a hearing. The other defendants joined the motion.

On July 1, 2013, the Court issued a Memorandum Decision and Order denying Defendants' request to dissolve the warrant (Dkt. 76). The Court held that the warrant did in fact contain the necessary language required under 853 U.S.C. § 853(f), and that the seizure warrant was properly issued by Judge Dale. *Id.* at 8-9. With respect to Defendants' argument that the Government failed to follow the procedures set out in *Crozier* and *Roth*, the Court concluded that the government's obtaining a seizure warrant

in this case was supported by *United States v. Unimex,* 991 F.2d 546 (9th Cir. 1993). The Court further concluded that Defendants had failed to make a showing sufficient to trigger a probable cause hearing under *Unimex*. The Court, however, gave Defendants an opportunity to file "a properly supported motion for return of property," stating that [i]f the Court finds the allegations contained in the supporting affidavits are sufficient, and factual issues are raised, the Court must and will schedule an evidentiary hearing." *Order* at 6, Dkt. 76.

On July 16, 2013, the Court enter an order (Dkt. 91) clarifying its July 1 decision. In this July 16 Order, the Court drew a distinction between a hearing contemplated under *Unimex* and a hearing under Rule 41(g), giving Defendants the option of requesting a probable cause hearing under *Unimex* or a Rule 41(g) hearing. If Defendants opted to proceed under *Unimex*, the government would carry the burden of proving probable cause at the hearing; however, to proceed under *Unimex*, Defendants would have to make a prima facia showing that they needed the seized funds to pay for retained counsel. On the other hand, if Defendants opted for a Rule 41(g) hearing, they would not need to make any showing that they needed the seized funds to pay for counsel before their hearing request was granted, but they would carry the burden of proof at the hearing.

On August 7, 2013, Defendant Doug Swenson filed a "Request for Hearing Under Federal Rule of Criminal Procedure 41(G)" (Dkt. 106), asking for a three-day hearing. Swenson stated in his hearing request that he "anticipates the necessity of a hearing of three days' length. He will call as witnesses Special Agent Keith Tippets, Justice Department attorney Mark Williams and Revenue Agent Rachel Martinen." *Rule 41(g)*

*Request for Hearing* at 2, Dkt. 106. Swenson also stated that he anticipated calling additional witnesses, who would be identified as soon as practicable. *Id.*

With the Court's permission, the government filed a response to Swenson's hearing request. In its response, the government argues that Swenson should not be granted an evidentiary hearing without Swenson's making some preliminary showing to justify Swenson's Rule 41(g) hearing request.

## ANALYSIS

Federal Rule of Criminal Procedure 41(g)[1] provides that a person "aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." A motion for return of property pursuant to Rule 41(g) may be granted if: (a.) the defendant is entitled to lawful possession of the seized property; (b) the property is not contraband; (c) the property is not subject to forfeiture; and (d) the government no longer needs the property as evidence. *United States v. Fitzen*, 80 F.3d 387, 388 (9th Cir. 1996). If a motion for return of property is made while a criminal proceeding is pending, the burden is on the movant to show that he is entitled to the property. *U.S. v. Van Cauwenberghe*, 934 F.2d 1048, 1061 (9th Cir. 1991).

In its prior Order dated July 16, 2013, the Court indicated it would automatically schedule an evidentiary hearing if any defendant opted to proceed under Rule 41(g).

---

[1] On December 1, 2002, Federal Rule of Criminal Procedure 41(e) was re-designated as Federal Rule of Criminal Procedure 41(g). The text was modified stylistically but not in substance. *United States v. Kaczynski*, 416 F.3d 971, 973 n.3 (9th Cir. 2005).

*Order* at 3, Dkt. 91. Upon further reflection, however, the Court has reconsidered its July 16 Order. After examining Rule 41(g)'s requirements in more detail, the Court now concludes that Doug Swenson's request for a Rule 41(g) hearing should be granted only if Swenson makes a preliminary showing, by alleging facts, if proved, that would justify the grant of relief he seeks, i.e., the return of the property seized by the government.

Rule 41(g) provides that "[t]he court shall receive evidence on any issue of fact necessary to the decision of the motion." Fed.R.Civ.P. 41(g). "As this language implies, evidentiary hearings should not be set as a matter of course." *Cohen v. U.S.*, 378 F.2d 751, 760 (9th Cir. 1967)(citation omitted). Rather, a Rule 41(g) hearing is required only if the movant alleges facts that, if proved, would justify the grant of relief. *U.S. v. King*, 528 F.2d 68, 69 (9th Cir. 1975). Factual allegations in the defendant's moving papers must be "sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented." *U.S. v. Unimex*, 991 F.2d 546, 551 (9th Cir. 1993) (quoting *Cohen*, 378 F.2d at 761); *see also U.S. v. Chambers*, 192 F.3d 374, 378 (3rd Cir. 1999); *United States v. Dean,* 100 F.3d 19, 21 (5th Cir.1996); *United States v. Hess,* 982 F.2d 181, 186 (6th Cir.1992).

Applying this standard here, Swenson must first make a preliminary showing that he is entitled to lawful possession of the seized accounts before his hearing request is granted. While one of the seized accounts is in Swenson's name, another is in the name of his wife, two are in the name of his son, Defendant David Swenson, and two others are in the names of limited liability companies, Code Six LLC and Code Six TradingCo LLC. Swenson must identify which of these bank accounts he seeks returned and allege

the nature and extent of his interest in each account in a clear and specific way. As the government correctly points out, "[s]uch a showing will help narrow the scope of the hearing and protect the United States' interest in avoiding unwarranted and premature disclosure of its case." *Govt's Resp.*at 7, Dkt. 120.

Swenson must also make a preliminary showing that the accounts he seeks returned are not subject to forfeiture before the Court allows an evidentiary hearing. *Unimex*, 991 F.2d at 551 ("Unimex filed affidavits which, if true, tended to show that Unimex was an innocent victim of Velasquez's crimes, and that the $100,000 sought was not forfeitable."). The affidavits Swenson submits to show the funds he seeks returned are not subject to forfeiture must not be "general and conclusory or based upon suspicion and conjecture…for claims that taint attaches to any portion of the Government's case must satisfy the trial court with their solidity and not be merely a means of eliciting what is in the Government's possession before its submission to the jury." *Cohen*, 378 F.2d at 760 (internal citation and quotation marks omitted).

Defendant Swenson, however, need not make any showing that the seized funds are needed to retain counsel of his choice.

If the Court grants Swenson's request for a Rule 41(g) hearing, the Court will hold a pre-hearing conference and set dates for exchanging witness and exhibit lists. The hearing will cover only those two issues enumerated above: (1) whether Swenson is entitled to lawful possession of the accounts he seeks returned, and (2) whether the property Swenson seeks returned is not subject to forfeiture.

This last issue – whether the property in question is forfeitable – will turn exclusively on whether the property in question was involved in or constitutes proceeds from the acts and crimes charged in the indictments; the Rule 41(g) hearing is not a forum for challenging the grand jury's finding of probable cause regarding the underlying crime. *See, e.g., Costello v. United States,* 350 U.S. 359, 363–64 (1956). To proceed otherwise would allow a defendant in any case to "always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury." *Id.* "This is not required by the Fifth Amendment." *Id.* Indeed, "[t]his additional burden would add nothing to protect [Swenson's] interests and does more damage than necessary to section 853(e)(1)(A) and the role of the grand jury." *U.S. v. Jones*, 160 F.3d 641, 648 (10th Cir. 1998). Given this limitation, the Court sees no basis for Swenson's calling Special Agent Keith Tippets, Justice Department attorney Mark Williams and Revenue Agent Rachel Martinen as witnesses in a Rule 41(g) hearing.

The Court will consider Defendants' Motion for Depositions and Evidentiary Hearing (Dkt. 118) in a separate decision.

## ORDER

**IT IS ORDERED that** Defendant Douglas Swenson's Request for Hearing Under Federal Rule of Criminal Procedure 41(g) (Dkt. 106) is DENIED without prejudice. Defendant Swenson shall file affidavits in support of his request for an evidentiary hearing as set forth in this decision *no later than September 26, 2013*. If Defendant

Swenson does not intend to resubmit his motion with the proper supporting information, counsel is directed to inform the Court *no later than September 11, 2013*.



DATED: September 5, 2013

_____
B. Lynn Winmill
Chief Judge
United States District Court