UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | Case No. 1:13-cr-00091-BLW |
|---|---|
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| DOUGLAS L. SWENSON, MARK ELLISON, DAVID D. SWENSON, JEREMY S. SWENSON, | |
| Defendants. | |

The Court has before it Defendants' Motion to Unseal Court filings and

Proceedings (Dkt. 181), and the Government's Motion to Strike (Dkt. 194).

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

On November 25, 2013, the Court conducted an evidentiary hearing regarding material destroyed by IRS Revenue Agent Rachel Martinen. At one point during the examination of Ms. Martinen, defense counsel indicated that it wanted to question Ms. Martinen about whether she was sexually harassed or otherwise threatened in a way that affected the investigation of the defendants. The Government objected to the line of questioning as speculation and potentially harmful to the case agent in this matter.

Based upon defense counsel's proffer, the Court allowed defense counsel to proceed with the line of questioning, but closed the courtroom to the public. The Court stated its reasons for closing that portion of the hearing on the record, but indicated that it may unseal that portion of the transcript at a later date depending on the testimony elicited. Defendants now ask the Court to unseal the sealed portion of the transcript, and the Government asks the Court to strike the sealed portion of the transcript.

## ANALYSIS

**1.  Motion to Unseal and Motion to Strike**

Under the First Amendment, and common law, court proceedings and records in both criminal and civil proceedings are presumptively open to the public. *Perry v. City and County of San Francisco*, 2011 WL 2419868 (9th Cir. April 27, 2011) *see also Waller v. Georgia,* 467 U.S. 39, 45-46 (1984). The right to an open hearing "may give way in certain cases to other rights or interests, such as the defendant's right to a fair trial or the government's interest in inhibiting disclosure of sensitive information." *Waller*,

**MEMORANDUM DECISION AND ORDER - 2**

467 at 45. However, because of the strong presumption of public access, before a court may enter a sealing order it must make "specific, on-the-record findings of the extraordinary need to keep a particular document or particular testimony secret." *Perry* at *21. "[P]articularized findings of compelling interest must be placed on the record before a hearing is closed or a record is sealed" to assure that the court carefully analyzes the issue before removing records from the public view. *Id*. (citations omitted). These findings must be "specific enough that a reviewing court can determine whether the closure order was properly entered." *Id*. (citations omitted).

Sealing orders also must be narrowly tailored. The Ninth Circuit has mandated that "any interest justifying closure must be specified with particularity, and there must be findings that the closure remedy is narrowly confined to protect that interest." *Id*. (citations omitted). For this reason, "any sealing order must consider and use less restrictive alternatives that do not completely frustrate the public's First Amendment and common law rights of access." *Id*.

In this case, the Court conducted an evidentiary hearing regarding the destruction of potential evidence by IRS Revenue Agent Rachel Martinen. Martinen was the only witness at the hearing. During the hearing, defense counsel made a proffer that Martinen's testimony about destroying evidence would be affected by her interactions with one of the lead IRS agents on this case. Specifically, counsel suggested that Martinen would testify that she was afraid for her life because of the agent, that she was breaking into tears because of how the agent treated her, that she witnessed illegal

**MEMORANDUM DECISION AND ORDER - 3**

behavior related to weapons and the agent, and that she was sexually harassed by the agent.

Based upon this proffer, the Court determined at the hearing that these serious allegations of misconduct by an IRS agent should not be made public unless and until they were substantiated. Therefore, the Court allowed defense counsel to explore the allegations in a closed proceeding with an understanding that if may unseal the testimony upon a request to do so.

During the closed portion of the hearing, defense counsel questioned Martinen about the alleged misconduct. Martinen denied being sexually harassed; clarifying that she felt she was treated in a "sexist" manner and not as an equal. When asked about fearing for her safety, she mentioned three events. First, she testified that the agent took a picture with his cell phone of Martinen sighting in one of his rifles he had brought to the office. Second, she testified that the agent once told her that he knew a guy who worked for the Treasury Inspector General for Tax Administration (TIGTA), and that if she ever had trouble with anybody, he would have them taken care of. She suggested that she was then investigated by TIGTA as retaliation for being removed from this case. Third, she testified that the agent used his badge for personal benefit related to school registration for his children.

Martinen then testified that TIGTA informed her that they were closing the investigation into her allegations against the agent "for her safety." She indicated that TIGTA said she could request the investigation start over, but she chose not to because

**MEMORANDUM DECISION AND ORDER - 4**

she believed it would not go anywhere. Ultimately, Martinen testified that during her interview with TIGTA in June 2012, she was concerned that the agent would retaliate against her, that he had a bad temper, and that he could influence the actions TIGTA could take against her.

Under these circumstances, the Court will unseal the transcript. Martinen's testimony about the agent did not necessarily correspond to all the allegations made by defense counsel in their proffer, but she did acknowledge that she feared for her life. However, to be perfectly honest, some of Martinen's testimony did not make much sense – such as her suggestion that TIGTA closed an investigation out of fear for Martinen's safety. Thus, although the allegations may be somewhat distressing to the agent, and they are only the accusations of one individual, they are not so sensitive that they outweigh the strong presumption of public access to the courts. In turn, the Court will deny the Government's motion to strike the testimony.

However, the Court will not reconsider its earlier Protective Order. Martinen never testified that she destroyed documents because she feared the agent. And there is no testimony and no evidence connecting Martinen's allegations against the agent to the potential destruction of evidence in this case. Accordingly, there is still justification for treating the TIGTA Report as a confidential internal investigation. The defendants' right to a public hearing does not require disclosing irrelevant, sensitive internal investigative material to the public.

**ORDER**

**MEMORANDUM DECISION AND ORDER - 5**

**IT IS ORDERED:**

1. Defendants' Motion to Unseal Court filings and Proceedings (Dkt. 181) is **GRANTED**.

2. Government's Motion to Strike (Dkt. 194) is **DENIED**.

DATED: January 7, 2014

_____
B. Lynn Winmill
Chief Judge
United States District Court