UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DOUGLAS L. SWENSON, MARK ELLISON, DAVID D. SWENSON, JEREMY S. SWENSON,<br><br>    Defendants. | Case No. 1:13-cr-00091-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

The Court has before it Defendant Douglas L. Swenson's Motion to Suppress Evidence Obtained From Illegally Executed Search Warrant (Dkt. 164). The parties indicated that an evidentiary hearing is not requested. For the reasons explained below, the Court will grant the motion in part and deny the motion in part.

## BACKGROUND

Pursuant to a valid search warrant, Government agents searched Swenson's residence on September 9, 2010. Agents seized several items, including electronic evidence consisting of two computers, an external hard drive, and an image of another computer. Swenson asks the Court to suppress all electronic evidence, as well as all other evidence seized from the residence.

**MEMORANDUM DECISION AND ORDER - 1**

The Government concedes that the Court should suppress the electronic evidence because the Government did not search the computers within the 180-day time limit set in the search warrant. The Court will do so. Thus, the only issue remaining is whether the Court should suppress the rest of the evidence seized from Swenson's residence.

**ANALYSIS**

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Except under exceptions not relevant here, evidence seized without a valid search warrant is generally excluded from trial. Moreover, evidence seized beyond the terms of a valid search warrant also violates the Fourth Amendment, and is likewise generally excluded from trial.

However, when the Government seizes evidence beyond the scope of a valid search warrant, the Court need not suppress evidence which was not tainted by the violation, except where there is a "flagrant disregard for the terms of the warrant." *U.S. v. Sedaghaty*, 728 F.3d 885, 915 (9th Cir. 2013); *see also U.S. v. Chen*, 979 F.2d 714, 717 (9th Cir. 1992). The Court should only suppress evidence within the scope of the warrant "when the violations of the warrant's requirements are so extreme that the search is essentially transformed into an impermissible general search." *Id.* (Internal quotation and citation omitted).

Here, Swenson argues that the Government transformed the search into a general search by retaining the electronic material for an unreasonable amount of time, failing to

**MEMORANDUM DECISION AND ORDER - 2**

determine whether the electronic material contained any seizable material, and never returning it to Swenson after the 180 days expired. The Court disagrees.

After the Government seized the evidence from Swenson's home, Swenson's counsel and Government attorneys corresponded about a protocol for the Government to review the electronic material without observing potential attorney/client privileged material on the computers. *Gov't Resp. Br.,* Ex. 1 (Dkt. 182-1); *Calfo Decl.* (Dkt. 165). The negotiations failed. The Government never searched the computers, and ultimately decided that it could not do so based upon the 180-day time limitation in the search warrant.

One could argue that once the Government realized it would not reach an agreement with Swenson on how to search the computers without invading the attorney/client privilege, it should have asked the Court to intervene or returned the computers to Swenson immediately. In fact, this may have been the more prudent avenue for the Government. Instead, the Government retained the computers without searching them for approximately three years.

However, the Government did make the electronic material on the computers available to Swenson. Moreover, Swenson did not ask the Court to order the Government to return the computers. Thus, there is no prejudice to Swenson regarding any evidence on the computers – Swenson has had an opportunity to review any evidence on the computers, and the Government has not.

**MEMORANDUM DECISION AND ORDER - 3**

Under these circumstances, the Court does not find a "flagrant disregard for the terms of the warrant." *Sedaghaty*, 728 F.3d at 915. This is not a case where the Government violated the warrant's requirements in such an extreme way that the search was transformed into an impermissible general search. In fact, in the end, the Government did less of a search than allowed by the search warrant, and never viewed the information on the computers. *Id.* Accordingly, the Court will deny the motion to suppress evidence other than the electronic evidence. As mentioned above, the Court will grant the motion to suppress the electronic evidence, and if it has not already done so, the Government shall immediately return the electronic evidence to Swenson.

## ORDER

**IT IS ORDERED:**

1. Defendant Douglas L. Swenson's Motion to Suppress Evidence Obtained From Illegally Executed Search Warrant (Dkt. 164) is **GRANTED in part** and **DENIED in part**. The electronic evidence seized from Swenson's residence is suppressed, and the Government shall return it to Swenson immediately. The remaining evidence seized from Swenson's residence is not suppressed.

 DATED: January 8, 2014

B. Lynn Winmill
Chief Judge
United States District Court